The Attorney General is in the receipt of your request for an opinion wherein you ask, in effect, the following questions: 1. Must a county assessor reassess all property in a county on a regular periodic basis? 2. May a county assessor lawfully reassess only property as it is sold and only specific residential neighborhoods where there are homes being sold on a regular basis? Your first question can be answered by reference to the plain language of 68 O.S. 2481.1 [68-2481.1] (1971). In 68 O.S. 2481.1 [68-2481.1], the Legislature specifically provided for the revaluation of all property in a county by the county assessor. 68 O.S. 2481.1 [68-2481.1] states in pertinent part: "Each county assessor shall commence, immediately if possible, but no later than January 1, 1969, a comprehensive program of revaluation of all taxable property within his respective county. Such programs shall progress at a rate which will result in the revaluation of all taxable property within the county before January 1, 1972. Each assessor shall thereafter maintain an active and systematic program of revaluation on a continuous basis, and shall establish a revaluation schedule which will result in revaluation of all taxable property within the county at least once each five (5) years . . . ." The Oklahoma Tax Commission is required by law to make and publish rules, regulations and guidelines for the general guidance and assistance of county assessors and the county assessors are required by law to adhere to the standards established in those rules and regulations. 68 O.S. 2481.6 [68-2481.6] (1971). Furthermore, county assessors are required by law to file annual reports with the Oklahoma Tax Commission detailing the progress made each year in the revaluation program and such report is a matter of public record. 68 O.S. 2481.10 [68-2481.10] (1971). The duty of the assessor to revaluate property in accordance with the dictates of 68 O.S. 2481.1 [68-2481.1] and related sections is mandatory. 68 O.S. 2476 [68-2476] (1971). It is not possible to provide you with a specific answer in relation to your second question as there are numerous factual variables which might affect an answer to the question. Revaluation must proceed according to a specific program of revaluation on a specific schedule. Section 2481.1, supra. The revaluation program and schedule must comply with the rules, regulations and guidelines as promulgated by the Oklahoma Tax Commission pursuant to 68 O.S. 2481.6 [68-2481.6]. Additionally, the statutes specifically impose upon the county assessor the duty to "cause real property being valued to be physically inspected." 68 O.S. 2481.2 [68-2481.2] (1971). The same 68 O.S. 2481.2 [68-2481.2], also requires "such examination as will provide adequate data from which to make accurate valuations." There is nothing in the law of the State of Oklahoma which would preclude a county assessor from considering as a factor in determining the proper valuation of property the price at which the property being valued or similar property in the same locale brought at a free and voluntary sale. The sale price of a specified piece of property, however, is not the sole factor determinative of the proper valuation of the property or similar property in the same locale. The collection of information of this type, however, does not relieve the assessor of his statutory duty to "physically inspect" all property being valued or revalued. Nor does the collection of such information relieve the assessor of his statutory responsibility to revalue all the property of the county under a systematic program "at least once each five (5) years." It is, therefore, the official opinion of the Attorney General that: 1. The county assessors of this State are under a mandatory statutory duty to conduct a systematic program of revaluation on a continuous basis of all property in the county at least once each five (5) years. 2. While a county assessor may consider as one of the factors in determining the value of property for taxation, the price such property or similarily situated property in the same locale brought at a free and voluntary sale, the assessor is not by reason of the collection of such information relieved of his responsibility to physically inspect the real property being valued or revalued in the process of performing his duty of revaluing all the taxable property in the county pursuant to the systematic program of revaluation. (JOHN F. PERCIVAL) (ksg)